IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN EDWARD REDIC, JR. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-1056-K |
| | § | |
| CARL M. WEISBROD, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by John Edward Redic, Jr. seeking judicial review of a final adverse decision of the Commissioner of Social Security denying his application for disability insurance benefits. Plaintiff also sues various employees of the Social Security Administration, his former attorney, Colonial Casualty Insurance Company, and Industrial Labor Service for money damages. On May 26, 2010, plaintiff tendered a 21-page complaint with multiple attachments to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on July 9, 2010. The court now

determines that plaintiff should be allowed to seek judicial review of the administrative decision denying his application for disability insurance benefits. His other claims should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

Under the Social Security Act:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). A "final decision" results only after the claimant has exhausted his administrative remedies. *See Thibodeaux v. Bowen*, 819 F.2d 76, 79 (5th Cir. 1987); *LeJeune v. Matthews*, 526 F.2d 950, 952 (5th Cir. 1976). To satisfy the exhaustion requirement, a claimant must first file a claim for social security benefits. *See* 20 C.F.R. § 416.305. The agency then issues an initial determination either granting or denying the claim. *See id.* §§ 416.1404-416.1405. Next, the claimant must file a request for reconsideration. *See id.* §§ 416.1407-416.1422. The Commissioner of Social Security reviews the claim again and issues a reconsidered determination. *Id.* § 416.1420. After obtaining an adverse determination on reconsideration, a dissatisfied claimant may request an evidentiary hearing before an administrative law judge. *See id.* §§ 416.1429-416.1461. If the claimant objects to that decision, he may appeal to the Appeals Council. *See id.* §§ 416.1467-416.1481. Only after the Appeals Council issues a final decision may the claimant seek judicial review in federal district court. *See Mamon v. Social Security Administration*, 24 F.3d 239 (Table), 1994 WL 243277 at *1 (5th Cir. May 19, 1994), *citing Harper v. Bowen*, 813 F.2d 737, 739 (5th Cir.), *cert. denied*, 108 S.Ct. 466 (1987).

According to the documents submitted by plaintiff, an administrative law judge denied his application for disability insurance benefits on March 31, 2009. Plaintiff appealed that decision to the Appeals Council. The Council affirmed the decision on March 26, 2010. (*See* Mag. J. Interrog. #1, Attch. & Plf. Compl., Attch.). Plaintiff filed this action in federal court on May 26, 2010, within 60 days after the mailing to him of a notice affirming the hearing decision. The court therefore concludes that plaintiff should be permitted to seek judicial review of the administrative decision denying his application for disability insurance benefits.

III.

Plaintiff also sues various other defendants for money damages. Among these defendants are: (1) Carolyn L. Simmons, Associate Commissioner of Social Security; (2) Administrative Law Judge Arthur J. Shultz; (3) Carl M. Weisbrod, the attorney who represented plaintiff on administrative review; (4) Colonial Casualty Insurance Company; and (5) Industrial Labor Service. Because plaintiff is proceeding *in forma pauperis*, the court may summarily dismiss the claims against these defendants if it concludes that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.*, 127 S.Ct. at 1965. "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom.*, *Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

Judged against this standard, the court determines that dismissal is proper. Plaintiff's claims against Judge Shultz and the other agency officials who participated in the adjudication of his disability claim at the administrative level are barred by immunity. *See Butz v. Economou*, 438 U.S. 478, 512, 98 S.Ct. 2894, 2913-14, 57 L.Ed.2d 895 (1978) ("We think that adjudication within a federal administrative agency shares enough of the characteristics of the judicial process that those who participate in such adjudication should also be immune from suits for damages."). Whatever claims plaintiff may have against his former attorney, Colonial Casualty Insurance Company, and Industrial Labor Service, they are not properly joined in a civil action seeking judicial review of an adverse social security decision. Consequently, plaintiff's other claims should be summarily dismissed.[1]

---

[1] The disposition of the claims against Carl M. Weisbrod, Colonial Casualty Insurance Company, and Industrial Labor Service does not preclude plaintiff from filing another lawsuit against these defendants in federal court, if federal subject matter jurisdiction is proper, or in Texas state court.

## **RECOMMENDATION**

Plaintiff should be allowed to seek judicial review of the administrative decision denying his application for disability insurance benefits. His other claims should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 22, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE