

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN EDWARD REDIC, JR. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-1056-K-BD |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

### FINDINGS AND RECOMMENDATION OF THE
### UNITED STATES MAGISTRATE JUDGE

Plaintiff John Edward Redic, Jr., appearing *pro se*, seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision should be reversed.

I.

Plaintiff alleges that he is disabled due to a variety of ailments, including chronic neck and back pain, diabetes, and cirrhosis of the liver. After his application for supplemental security income ("SSI") benefits was denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. That hearing was held on March 4, 2009. At the time of the hearing, plaintiff was 50 years old. He has a tenth grade education and past work experience as a mechanic and loading trucks. Plaintiff has not engaged in substantial gainful activity since he applied for SSI benefits on November 18, 2005.

The ALJ found that plaintiff was not disabled and therefore not entitled to SSI benefits. Although the medical evidence established that plaintiff has degenerative disc disease, diabetes, and

borderline intellectual functioning, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform light work with some restrictions. Relying on the testimony of a vocational expert, the judge found that plaintiff was capable of working as a marker, a garment sorter, and an electronics worker -- jobs that exist in significant numbers in the national economy. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.[1]

II.

Plaintiff does not specify the grounds upon which he challenges the denial of SSI benefits. The court therefore will determine generally whether the hearing decision is consistent with applicable legal standards and supported by substantial evidence. *See Shaw v. Astrue*, No. 3-10-CV-1568-D, 2010 WL 5101404 at *1 n.1 (N.D. Tex. Dec. 8, 2010).

A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *see also Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *See Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must

---

[1] In his *pro se* complaint, plaintiff also sued various individuals and entities, including his former attorney and the ALJ, for money damages. Those claims were dismissed on initial screening. *See Redic v. Weisbrod*, No. 3-10-CV-1056-K, 2010 WL 3431714 at *2-3 (N.D. Tex. Jul. 22, 2010), *rec. adopted*, 2010 WL 3431702 (N.D. Tex. Aug. 30, 2010).

scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing other work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant establishes prejudice. *See Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

### B.

After thoroughly reviewing the administrative record, the court has identified a single issue that compels remand -- there is no evidence to support the ALJ's determination that plaintiff has the residual functional capacity to "stand and walk for about 6 hours in an 8-hour workday." (*See* Tr. at 13). In finding that plaintiff can perform light work with some restrictions, the ALJ apparently

relied on the testimony of Dr. Ronald Devere, a neurologist who served as a medical expert at the administrative hearing. At the hearing, Dr. Devere testified:

> And again I think he should be able to work, certainly as a light duty, which was suggested back in 1995. But it looks like there wouldn't be any reason not to continue that program, best I can tell.

(*Id.* at 276). But even Dr. Devere admitted that he had to "sort of glean" his opinion from the record because there were no "specific comments made about [plaintiff's] capabilities." (*Id.*). Indeed, the only evidence regarding plaintiff's ability to stand or walk during a normal workday came from Dr. Moira Dolan, a state agency physician, who determined in 2007 that plaintiff could "stand and/or walk (with normal breaks) for a total of at least *2 hours* in an 8-hour workday." (*See id.* at 199) (emphasis added). Because the ALJ expressly rejected the opinion of Dr. Ronnie Shade, a treating physician who stated that plaintiff was permanently disabled, (*see id.* at 15), the judge was required to explain in the hearing decision the weight given to the opinions of state agency consultants or other program physicians, like Dr. Dolan. *See* 20 C.F.R. § 404.1527(f)(2)(ii).[2] However, the ALJ did not even mention Dr. Dolan in the hearing decision, much less explain the reasons for rejecting her assessment of plaintiff's ability to stand or walk during an eight-hour workday. The failure to provide such an explanation constitutes error. *See Hammond v. Barnhart*, 124 Fed.Appx. 847, 851, 2005 WL 548253 at *2 (5th Cir. Mar. 8, 2005).

---

[2] Section 404.1527(f)(2)(ii) provides, in pertinent part:

> Unless a treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician, psychologist, or other medical specialist, as the administrative law judge must do for any opinions from treating sources, nontreating sources, and other nonexamining sources who do not work for us.

20 C.F.R. § 404.1527(f)(2)(ii).

Notwithstanding this error, the Commissioner argues that remand is not required because the determination of plaintiff's residual functional capacity to perform light work is supported by substantial evidence. The court disagrees. Light work requires, *inter alia*, the ability to stand or walk, off and on, for a total of six hours in an eight-hour workday. *See* SSR 83-10, 1983 WL 31251 at *6 (SSA 1983). Other than the residual functional capacity assessment performed by Dr. Dolan, who stated that plaintiff could stand or walk for "at least 2 hours in an 8-hour workday," (*see* Tr. at 199), there is no evidence in the record as to how many hours plaintiff could stand or walk.[3] Even Dr. Devere noted that the record was devoid of any "specific comments" about plaintiff's capabilities in that regard. (*See id.* at 276). At a minimum, the ALJ had a duty to further develop the record by recontacting Dr. Dolan or by requesting a residual functional capacity assessment from another state agency physician. *See Robertson v. Astrue*, No. 3-10-CV-1669-BD, 2011 WL 3836915 at *5 (N.D. Tex. Aug. 26, 2011) (ALJ had duty to recontact neurologist or request a consultive examination where testifying medical consultant specifically noted that "it was difficult to assess the frequency of plaintiff's seizures and the reasons for his low blood levels based on the limited information contained in the file"). Instead, the ALJ all but ignored the only evidence in the record regarding plaintiff's ability to stand and walk -- evidence which at least suggests that plaintiff may not be able to perform light work. Under these circumstances, remand is required. *See Hammond*, 2005 WL 548253 at *3 n.10, *citing Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988) (procedural errors warrant remand "where they cast into doubt the existence of substantial evidence to support the ALJ's decision").

---

[3] As the Commissioner correctly notes, the ALJ found that plaintiff was *more* restricted in his ability to balance, stoop, kneel, crouch, and crawl than did Dr. Dolan. (*Compare* Tr. at 13 *with id.* at 200). However, those non-exertional limitations have no bearing on plaintiff's ability to stand or walk during a normal workday.

## RECOMMENDATION

The hearing decision should be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.[4]

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 6, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[4] By remanding this case for further administrative proceedings, the court does not suggest that plaintiff is or should be found disabled.